OPINION
PER CURIAM.
This ease comes before us on an order issued to the respondent attorney to show cause why he should not be disciplined pursuant to the provisions of Supreme Court Rule 43, which reads as follows:
“An attorney admitted to practice in this state who is convicted in a court of record of a crime which is punishable by imprisonment for more than one year in this or any other jurisdiction, may, in lieu of or in advance of proceedings pursuant to Rule 42, be ordered to appear before the court to show cause why his admission to the bar should not be revoked or suspended.”
The respondent attorney was convicted in the Superior Court on November 28, 1984, of a felony offense. On that date he entered a plea of nolo contendere to the charge of embezzlement of over $500. The charge arose out of the fact that while acting as executor of a probate estate, he allegedly converted property of the estate to his own use. The Superior Court imposed a two-year suspended sentence and placed the respondent on unsupervised probation for two years.
The dispute in this case arose when the attorney, executor of the estate, failed to respond to or comply with repeated requests by the beneficiary- of the estate for information and for action on the administration of the estate. Because the settlement of this probate matter was not completed within the period originally suggested by the attorney, the beneficiary investigated and determined that a substantial sum in estate funds had been withdrawn from the estate account. Her demands for an explanation were not satisfied.
*141 The record reveals that before she was paid in full the funds to which she was entitled out of the estate, plus interest, the sum of $20,000 of the estate money was paid by respondent to a Florida bank. That payment discharged a mortgage on property that had been subject to a fire loss but which had absolutely no connection with the estate in question.
Additionally, respondent admitted through his counsel that additional estate funds that he had personally appropriated were comingled with funds of other clients and then used to purchase a certificate of deposit that earned a greater rate of interest than an estate account. The certificate of deposit, however, tied up the money for a period considerably longer than it would have taken to complete probate of what was a simple, straightforward probate matter. Although ultimately all of the funds due the beneficiary from the estate itself were paid to her in full, with interest, the beneficiary was never reimbursed for the expenses she incurred in hiring another attorney to pursue and enforce her rights.
The conduct of this respondent falls far short of what is required of members of the bar. In engaging in such conduct, respondent not only has violated the law but has also violated several of the canons of professional responsibility. His performance reflects adversely on the entire legal profession.
Taking into account the respondent’s many years at the bar, his conviction for embezzlement in Superior Court and the penalty imposed by that court, and the fact that the estate funds have been replaced with interest, we are of the opinion that his suspension from the practice of law rather than disbarment would be the appropriate discipline. The record reveals that the probation period of two years imposed by the Superior Court began on November 28, 1984. We order that his period of suspension from the practice of law coincide with the period he is on probation. Therefore, it is the opinion of this court that the respondent be suspended from practice of law until November 28, 1986.
Within twenty days of the date of this opinion, the respondent is ordered to furnish the clerk of this court with a complete list of his clients whose cases are active so that any necessary steps may be taken to protect their interests. Thereafter the respondent must promptly withdraw from the practice of law for the period of suspension. After the conclusion of the suspension period the respondent may petition this court for reinstatement of his right to practice law. At that time he will be required to show that he has complied fully with our order of suspension.